IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARSHALL MARTINEZ, #A0712871,<br><br>        Petitioner,<br><br>    v.<br><br>HAWAII PAROLING AUTHORITY,<br><br>        Respondent. | CIVIL NO. 23-00411 LEK-KJM<br><br>**ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY** |

### ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

On October 3, 2023, the Court received a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition") from pro se Petitioner Marshall Martinez ("Martinez").[1]  ECF No. 1.  Because Martinez is currently serving a sentence under a judgment entered against him in state court, the Court construes the Petition as being filed pursuant to 28 U.S.C. § 2254.  *See Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018).  Because Martinez has not named a proper respondent and he failed to show that he properly exhausted his state remedies before

---

[1] Martinez is currently incarcerated at the Halawa Correctional Facility ("HCF"), a state prison.  *See* ECF No. 1 at PageID.1; VINE, https://vinelink.vineapps.com/search/HI/Person?siteRefId=HISWVINE (in drop-down next to "whose," select "ID Number"; enter "A0712871"; and select "Search") (last visited Oct. 30, 2023).

commencing this action, the Petition is DISMISSED without prejudice. Any request for a certificate of appealability is DENIED.

## I. BACKGROUND

In the Petition, Martinez challenges the Hawaii Paroling Authority's ("HPA") handling of a June 16, 2023 parole hearing in *State v. Martinez*, Cr. No. 7716 (Haw. 2d Cir. Ct.). Specifically, Martinez argues that the HPA violated his due process rights by refusing to accept "legal documents on [his] illegal incarceration." ECF No. 1 at PageID.4.

On October 5, 2023, the Court issued an Order to Show Cause and Dismissing Petition with Leave to Amend. ECF No. 3. The Court explained that (1) Martinez did not name a proper respondent and (2) it did not appear that Martinez had exhausted his state remedies. *Id.* at PageID.61–PageID.66. The Court instructed Martinez to show cause by November 6, 2023, why this action should not be dismissed. *Id.* at PageID.67.

On October 27, 2023, the Court received "Petitioner's Response to Respondent's Order to Show Cause and Dismissing Petition with Leave to Amend." ECF No. 4.

## II. LEGAL STANDARD

Rule 4 of the Habeas Rules requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court may summarily dismiss a

habeas corpus petition *sua sponte* if "it plainly appears from the petition . . . that the petitioner is not entitled to relief." Habeas Rule 4; *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). "A district court should do so, however, only after 'provid[ing] the petitioner with adequate notice and an opportunity to respond.'" *Valdez*, 918 F.3d at 693 (quoting *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001)) (alteration in original).

### III. DISCUSSION

**A. Second or Successive Petition**

A state prisoner is generally limited to a single federal habeas petition. *See* 28 U.S.C. § 2244(b)(1). Prior to filing a second or successive petition under 28 U.S.C. § 2254 in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007); *Chades v. Hill*, 976 F.3d 1055, 1056 (9th Cir. 2020).

Unless and until the Ninth Circuit authorizes a district court to consider a second or successive petition for writ of habeas corpus, the court lacks jurisdiction to do so. *See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court."); *Brown v. Muniz*, 889 F.3d 661, 67 (9th Cir. 2018) ("If the petition is second or successive, then the district

court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it.").

"Notwithstanding the prohibition of second or successive petitions in most cases, not every petition filed after an initial petition has been adjudicated is considered second or successive." *Brown v. Atchley*, 76 F.4th 862, 866 (9th Cir. 2023). For example, "[p]risoners may file second-in-time petitions based on events that do not occur until a first petition is concluded, and such petitions are not second or successive because a claim does not become ripe until the facts that give rise to the constitutional claim first arise." *Id.* at 867 (quotation marks and citations omitted) (alteration in original). Thus, "a prisoner whose conviction and sentence were tested long ago may still file petitions relating to denial of parole, revocation of a suspended sentence, and the like because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding." *Id.* (quotation marks and citation omitted).

Here, Martinez has filed numerous petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Martinez v. Sumner*, Civ. No. 89-00770 ACK-BMK (D. Haw. 1992); *see also Martinez v. Penarosa*, Civ. No. 96-01208 ACK-BMK (D. Haw. 1997); *Martinez v. State of Hawaii*, Civ. No. 08-00388 JMS-KSC (D. Haw. 2008); *Martinez v. Penarosa*, Civ. No. 99-00028 HG (D. Haw. 1999); *Martinez v. Espinda*, Civ. No. 01-00504 SOM-KSC (D. Haw. 2001); *Martinez v.*

*Thomas*, Civ. No. 12-00515 JMS-RLP (D. Haw. 2012); *Martinez v. State of Hawaii*, Civ. No. 17-00184 JMS-RLP (D. Haw. 2017); *Martinez v. State of Hawaii*, Civ. No. 22-338 DKW-WRP (D. Haw. 2022).[2]

To the extent Martinez challenges the HPA's handling of his June 16, 2023 parole hearing, *see* ECF No. 1 at PageID.4, those claims were not ripe at the time of Martinez's earlier habeas proceedings. Thus, the Petition is not second or successive. *See Brown*, 76 F.4th at 867–68 (noting other circuits' agreement that "claims that could not have been raised in a prisoner's earlier habeas petition because the alleged violations giving rise to the claims had not yet occurred do not implicate the gatekeeping requirements of § 2244(b)"). Nevertheless, the Petition is DISMISSED for the reasons set forth below.

## B.  Correct Respondent

A petitioner seeking a writ of habeas corpus must name as respondent "the person who has custody over him[.]" 28 U.S.C. § 2242; *see* Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004).

---

[2] Martinez also has attempted to challenge his state sentence by filing petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Martinez v. Thomas*, Civ. No. 19-00251 DKW-KJM (D. Haw. 2019); *Martinez v. Thomas*, Civ. No. 19-00457 LEK-RT (D. Haw. 2019); *Martinez v. Frink*, Civ. No. 20-00331 SOM-WRP (D. Haw. 2020). These actions were also dismissed without prejudice.

The Supreme Court has explained that "there is generally only one proper respondent to a given prisoner's habeas petition." *Padilla*, 542 U.S. at 434.  This is the person "with the ability to produce the prisoner's body before the habeas court." *Id.* at 435 (citation omitted); *see Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent . . . is the petitioner's 'immediate custodian'"—that is, "'the person having day-to-day control over the prisoner'"—because "[t]hat person is the only one who can produce 'the body' of the petitioner." (citations omitted)).  Failure to name the petitioner's custodian as respondent deprives the district court of personal jurisdiction over the custodian.  *See Smith*, 392 F.3d at 354–55.

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]" *Padilla*, 542 U.S. at 434 (citations omitted); *see Smith*, 392 F.3d at 354; *see also Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (stating that the proper respondent "typically is the warden of the facility in which the petitioner is incarcerated" (citation omitted)); Habeas Rule 2 advisory committee note (stating that if the petitioner is in prison due to the state action he is challenging, "[t]he named respondent shall be the state

officer who has official custody of the petitioner (for example, the warden of the prison)").[3]

Martinez is currently incarcerated at the HCF. Instead of naming as respondent the warden of the HCF, however, Martinez names the HPA. ECF No. 1 at PageID.1; ECF No. 4 at PageID.69. Martinez fails to explain how the HPA is his "immediate custodian" or how it has "day-to-day control" over him. *See Brittingham*, 982 F.3d at 379; *Padilla*, 542 U.S. at 439–40. The Court therefore finds no reason to abandon the default rule in this matter. *See Padilla*, 542 U.S. at 434. Thus, dismissal is warranted because of Martinez's failed to name a correct respondent.

## C. Exhaustion of State Remedies

Section 2254 "generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citing 28 U.S.C. §§ 2254(b)(1), (c)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*,

---

[3] Prior to *Padilla*, the Ninth Circuit said that, for cases arising in California, the state officer having custody of a petitioner may be either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894–96 (9th Cir. 1996); *see also Eisermann v. Penarosa*, 33 F. Supp. 2d 1269, 1271–72 (D. Haw. 1999) (noting the petitioner's efforts to "name[ ] the Hawaii official with the power to 'produce the prisoner'" in the light of his being transferred multiple times, and substituting the name of the Hawaii Director of Public Safety for an improperly named respondent to avoid "put[ting] form over function" and "frustrat[ing] the ends of justice").

526 U.S. 838, 842 (1999); *see also Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017) ("[B]efore . . . a [§ 2254] petition may be heard, the petitioner must seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." (internal quotation marks and citation omitted)). A petitioner satisfies the exhaustion requirement by either: (1) fairly and fully presenting each federal claim to the highest relevant state court or (2) showing that there is no state remedy available. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

"[F]ederal courts may consider *sua sponte* whether the [petitioner] has exhausted state remedies[.]" *Stone v. City & County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992); *Eline v. Att'y Gen. of Haw.*, Civ. No. 19-00264 LEK-KJM, 2019 WL 2998551, at *3 (D. Haw. July 9, 2019) (same). Where a habeas petition raises only unexhausted claims, the court must dismiss the petition. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust." (citation omitted)).

Here, to the extent Martinez challenges the conduct of his June 16, 2023 parole hearing, a state remedy is available to him—that is, an HRPP 40 petition.

*See Williamson v. Hawai`i Paroling Auth.*, 97 Hawaiʻi 183, 194–95, 35 P.3d 210, 221–22 (2001) (stating that a prisoner may seek judicial review "of both an HPA decision denying parole and an HPA decision establishing a minimum term" through an HRPP 40 petition); *Rapozo v. State*, 150 Hawaiʻi 66, 84, 497 P.3d 81, 99 (2021) ("Although [t]he legislature did not expressly provide a means to appeal HPA parole decisions, an incarcerated person may still seek judicial review of the HPA's denial of parole through an HRPP Rule 40 petition.") (quotation marks and citations omitted) (alteration in original); *see also Gonzalez v. Hawai`i Paroling Auth.*, Civil No. 11-00141 JMS-BMK, 2011 WL 902193, at *2 (D. Haw. Mar. 14, 2011) ("A Hawaii prisoner may challenge parole decisions by filing a post-conviction petition pursuant to HRPP 40.").

Because Martinez has not shown that he exhausted his claims, by presenting them up through the highest state court available before commencing this action, the Petition must be dismissed. To the extent Martinez now suggests that he has a pending motion in state court, *see* ECF No. 4 at PageID.70, even a pending HRPP 40 petition will not do, *see Jackson v. Cambra*, No. C 97-1430 VRW (PR), 1997 WL 255353, at *1 (N.D. Cal. May 7, 1997) ("Because petitioner recently filed a petition for a writ of habeas corpus in [state court] in an effort to satisfy the exhaustion requirement and that petition still is pending, the instant federal petition is not properly exhausted and is DISMISSED without prejudice to refiling after

9

available state judicial remedies are exhausted[.]"). The Petition is therefore DISMISSED without prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Habeas Rule 11, a federal court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, the Petition is premature. Thus, at this point, Martinez has not made a substantial showing of the denial of a constitutional right. The Court DECLINES to issue a certificate of appealability.

## V. CONCLUSION

(1) The Petition is DISMISSED without prejudice because Martinez failed to name a proper respondent, and he has not exhausted his claims.

(2) Any request for a certificate of appealability is DENIED.

(3) The Clerk of Court SHALL enter judgment and close this case.

    IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 30, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARSHALL MARTINEZ VS. HAWAII PAROLING AUTHORITY; CV 23-411 LEK-KJM; ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**